NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROOSEVELT REED, | No. 15-35497 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05800-RJB |
| v. | |
| ELEANOR VERNELL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Washington state prisoner Roosevelt Reed appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations by prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Reed's procedural due process claim concerning deductions from his prison postage subaccount because Reed failed to raise a genuine dispute of material fact as to whether he lacked an adequate post-deprivation remedy under Washington law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A] . . . deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (holding that Washington State Department of Corrections' grievance process and Washington State's tort claim process are adequate post-deprivation remedies for allegedly improper deductions from a prisoner's account).

The district court properly granted summary judgment on Reed's substantive due process claim because Reed failed to raise a genuine dispute of material fact as to whether defendants' conduct was egregious or shocks the conscience. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-49 (1998) (substantive due process challenge must establish "egregious official conduct" that "shocks the conscience").

Defendants' request, set forth in the answering brief, that this court determine that the appeal is frivolous and constitutes a strike under 28 U.S.C.

15-35497

§ 1915(e)(2), (g), is denied.

**AFFIRMED.**